UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>EDGAR J. STEELE,<br><br>                 Defendant. | Case No. 2:10-CR-148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it the Motion to Vacate No Contact Order (Dkt. 45), Defendant's Motion to Continue (Dkt. 53) and Defendant's Ex Parte Motion to Continue (Dkt59).

**1.    Motion to Continue**

Defendant Edgar J. Steele, ("Defendant") requests additional time to investigate matters in preparation for additional pretrial motions as well as to prepare for trial. Defendant notes that the discovery process is not yet complete, and that he has moved for release of discovery materials related to the alleged informant. Additionally, Defendant intends to request that the alleged pipe bomb be made available for review to Defendant's expert. He is also requesting disclosure of any investigative material on the Confidential Informant's accomplice that is alleged to have accompanied the Informant to Oregon to

inspect the pipe bomb.  Finally, Mr. Steele is requesting a continuance relating to other matters identified in his supplemental *ex parte* brief.

Defendant contends that this matter is factually and legally complex.  He requests that the matter be declared complex under 18 U.S.C. §3161(7)(B)(ii). Under that section, a factor the Court shall consider in determining to grant a continuance includes whether the case is unusual or complex due to the nature of the prosecution or the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself to take place within the time limits established by this section.  Based on these arguments, Defendant seeks a continuance of approximately six months.  The Government does not oppose a short continuance of approximately 30 days, but it does oppose a six month continuance.

Under these circumstances, the Court finds that a continuance is needed to give defense counsel an opportunity to provide an effective defense, but disagrees that such a continuance is required because the case's complexity.  Although the case has generated substantial public interest, it is not factually or legally complex.  It is certainly not so complex as justify a six month continuance.  Instead, the Court finds that a four-month continuance is appropriate.  Such a continuance is warranted under 18 U.S.C. § 3161(h)(7)(B)(iv), which authorizes a finding of excludable time when the refusal to grant a continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation . . . ."  Under these circumstances, the interests of justice in allowing the defense time for effective preparation outweighs the defendant's

**MEMORANDUM DECISION AND ORDER - 2**

and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). The Court finds that the period of time between the present trial date and the new trial date is excludable time under the Speedy Trial Act. Accordingly, the Court will set the case for trial on March 7, 2011.

**2.     Motion to Vacate No Contact Order**

Cyndi Steele[1], one of the alleged victims in this matter, who is also the wife of Defendant, asks the Court to vacate the no contact order issued by Magistrate Judge Dale. In her order, Judge Dale ordered no contact, either direct or indirect, between Defendant and the alleged victims in this case. Since then, the Court has allowed a one-time supervised visit between Defendant and Mrs. Steele.

During oral argument on the motion, Cyndi Steele made it clear that she and the Government have differing views of the evidence in this matter. The Court will not detail their differences, except to recognize that the Government believes Defendant committed the crimes for which he is charged and Ms. Steele does not.

In Idaho, "[w]hen a person is charged with or convicted of . . . any . . . offense for which a court finds that a no contact order is appropriate, an order forbidding contact with another person may be issued." I.C. § 18-920. Based on the evidence before her, Magistrate Judge found it appropriate in this case to forbid Defendant from contacting the

---

[1] The Court would typically refrain from mentioning an alleged victim's name in an order. However, because Ms. Steele first published her own name by filing her motion to vacate the no contact order, the Court will not refrain from using her name.

**MEMORANDUM DECISION AND ORDER - 3**

alleged victims and issued a no contact order. Based on a recorded telephone conversations between Defendant and Mrs. Steele, as well as Defendant's actions in open court before Judge Dale, Judge Dale determined that a no contact order was necessary to prevent potential witness tampering and protection of the alleged victims. At this point, the Court has not been provided with sufficient evidence to resolve the concerns which led Magistrate Judge Dale to issue the no contact order. However, given Mrs. Steele's feelings about this case, and her relationship with Defendant, the Court must also consider her wishes.

Under these circumstances the Court will not vacate the no contact order. However, the Court will modify it to allow monitored visits between Defendant and Mrs. Steele to occur once per week. The following rules will apply to the visits:

1. The meetings will take place at the Spokane County Jail in one of the regular visitation booths. The meetings may occur via telephone if Mrs. Steele is unable to physically visit the jail.

2. Defendant and Mrs. Steele may not exchange notes or other documents during the visits.

3. Mr. Peven will be present during the entirety of the visits. If the visit occurs via telephone, Mr. Peven must also be a party to the call for the entirety of the calls.

4. Mr. Peven, Defendant, and Mrs. Steele shall not discuss this case or anything related to the case. If Defendant and/or Mrs. Steele attempt to

discuss the case or anything related to it, Mr. Peven shall immediately terminate the visit.

5. Mr. Peven will record the entirety of every meeting and telephone call. Mr. Peven will then seal the original recordings and promptly file them under seal at the Federal Courthouse in Coeur d'Alene, Idaho. No copies of the recording shall be made.

6. The Spokane jail may also record the meetings and calls via audio or video recording devises. If the Spokane County Jail records the meetings, Ms. Whelan shall obtain the original recordings and promptly file them under seal at the Federal Courthouse in Coeur d'Alene, Idaho. No copies of the recordings shall be made.

7. Magistrate Judge Dale will review the recordings on a regular basis as they are filed with the Court. It will be left to Judge Dale's discretion whether she listens to the entirety of the recordings.

8. If Judge Dale has any concerns after listening to the recordings, she will contact me, and I will schedule a hearing on the matter.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Continue (Dkt. 53) and Defendant's Ex Parte Motion to Continue (Dkt. 59) are **GRANTED**, that the present trial date be VACATED, and that a new trial be set for **March 7, 2011at 1:30 p.m.** in the U.S. Courthouse in Coeur d'Alene, Idaho.

IT IS FURTHER ORDERED that the period of time between the prior trial date and the new trial date be deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) & (B).

IT IS FURTHER ORDERED that the current trial readiness conference be VACATED, and that a new trial readiness conference be conducted by telephone on **February 24, 2011 at 4:00 p.m.** The Government shall place the call to (208) 334-9145 with opposing counsel on the line.

IT IS FURTHER ORDERED that all pretrial motions shall be filed on or before **February 4, 2011**.

IT IS FURTHER ORDERED that the Motion to Vacate No Contact Order (Dkt. 45) shall be, and the same is hereby **GRANTED** in part and **DENIED** in part. The no contact order shall remain in place with the modifications outlined above with respect to Cyndi Steele. The no contact order shall remain in place as originally ordered with respect to the other alleged victim.

DATED: **October 18, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge