UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>EDGAR J. STEELE,<br><br>            Defendant. | Case No. 2:10-CR-148-BLW<br><br>**ORDER** |

On October 18, 2010, the Court modified a no contact order between Defendant and his wife, Cyndi Steele. The Court determined that it would allow monitored visits between Defendant and Mrs. Steele once per week. The Court explained that the following rules apply to the visits:

1. The meetings will take place at the Spokane County Jail in one of the regular visitation booths. The meetings may occur via telephone if Mrs. Steele is unable to physically visit the jail.

2. Defendant and Mrs. Steele may not exchange notes or other documents during the visits.

3. Mr. Peven will be present during the entirety of the visits. If the visit occurs via telephone, Mr. Peven must also be a party to the call for the entirety of

ORDER - 1

the calls.

4. Mr. Peven, Defendant, and Mrs. Steele shall not discuss this case or anything related to the case. If Defendant and/or Mrs. Steele attempt to discuss the case or anything related to it, Mr. Peven shall immediately terminate the visit.

5. Mr. Peven will record the entirety of every meeting and telephone call. Mr. Peven will then seal the original recordings and promptly file them under seal at the Federal Courthouse in Coeur d'Alene, Idaho. No copies of the recording shall be made.

6. The Spokane jail may also record the meetings and calls via audio or video recording devises. If the Spokane County Jail records the meetings, Ms. Whelan shall obtain the original recordings and promptly file them under seal at the Federal Courthouse in Coeur d'Alene, Idaho. No copies of the recordings shall be made.

7. Magistrate Judge Dale will review the recordings on a regular basis as they are filed with the Court. It will be left to Judge Dale's discretion whether she listens to the entirety of the recordings.

8. If Judge Dale has any concerns after listening to the recordings, she will contact me, and I will schedule a hearing on the matter.

On February 7, 2011, the Court granted Defendant's motion to substitute counsel

of record. Defendant retained Robert T. McAllister and Gary I. Amendola as counsel of record. Under these circumstances, the Court will continue to allow the once-a-week visits between Defendant and his wife. However, Mr. McAllister and/or Mr. Amendola shall attend the meetings instead of Mr. Peven. The same rules explained above shall apply to all of the meetings. The Court notes that these meetings are not attorney-client meetings, and no communication during these visits will be considered privileged.

**IT IS ORDERED.**

DATED: February 8, 2011



Honorable B. Lynn Winmill
Chief U. S. District Judge