UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EDGAR J. STEELE,<br><br>    Defendant. | Case No. 2:10-CR-148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion For Change of Venue (Dkt. 111). Defendant asks the Court to move the trial to the District of Wyoming because of pretrial publicity.

## ANALYSIS

Federal Rule of Criminal Procedure 21(a) provides that upon a motion by a defendant, the "court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." A district court has broad discretion in ruling on a motion for change of venue. *U.S. v. Sherwood*, 98 F.3d 402, 410 (9th Cir. 1996).

Prejudice can be either presumed or actual. *Id.* Prejudice is presumed when the

record shows that the community where the trial will be held is saturated with prejudicial and inflammatory media publicity about the crime. *Id*. (*Citing Harris v. Pulley*, 885 F.2d 1354, 1361 (9th Cir.1988)).  Prejudice is rarely presumed, however, because saturation is found only in extreme situations.  *Id*.  "Actual prejudice is demonstrated where a sufficient number of the jury panel had such fixed opinions that they could not judge impartially the guilt of the defendant so that it is clear that a trial before that panel would be inherently prejudicial."  *U.S. v. Collins*, 109 F.3d 1413, 1416 (9th Cir. 1997) (Internal quotation and citation omitted).  To show actual prejudice, a defendant must demonstrate that the jurors exhibited actual partiality or hostility which could not be laid aside. *Sherwood*, 98 F.3d at 410.

Here, Defendant contends that negative pretrial publicity prevents him from having a fair trial in the District of Idaho.  Defendant references a website where anyone can listen to statements Defendant made to his family.  Defendant states that these are the statements which are the basis for the witness tampering charge.  Defendant also asserts that Spokane County Jail staff have influenced prospective jurors with negative publicity. He also states that there have been multiple news articles about the case.

The Court is aware that this case has received some media attention.  However, at this point, Defendant has not shown that the community where the trial will be held is "saturated" with prejudicial publicity about the alleged crimes.  *Sherwood*, 98 F.3d at 410.  Defendant's allegations against jail staff are broad and speculative, and there is no way to know whether and to what degree prospective jurors have listened to the audio

recordings or read the newspaper articles. There is also no indication that listening to the recordings or reading these articles have prejudiced prospective jurors. Defendant does not reference any specific articles which are particularly negative or inflammatory. Therefore, the Court does not find this case to be one of the rare situations where prejudice is presumed. *Id*.

Accordingly, the Court will deny the motion. However, Defendant may raise the issue of actual prejudice during or after voir dire. If the Court determines that an impartial jury cannot be selected in northern Idaho, trial will be moved to another divisional courthouse in Idaho (Pocatello or Boise) instead of to another district. If that becomes neceesary, the transfer will proceed as quickly as the logistics for such a move can be worked out.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion For Change of Venue (Dkt. 111) is **DENIED**.

DATED: **February 25, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge