# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EDGAR J. STEELE,<br><br>    Defendant. | Case No. 2:10-CR-148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Sever Count Four and For Separate Trial on that Count (Dkt. 94). Defendant is charged in a Superseding Indictment with the following counts: (1) Use of Interstate Commerce Facilities in the Commission of Murder for Hire; (2) Use of Explosive Material to Commit Federal Felony; (3) Possession of a Destructive Device in Relation to a Crime of Violence; and (4) Tampering with a Victim. Trial on all four counts is scheduled to commence on March 7, 2011. Defendant asks the Court to sever Count Four from the other counts.

## ANALYSIS

Federal Rule of Criminal Procedure 8(a) authorizes the joinder of charges against a single defendant in the indictment in certain circumstances. However, Federal Rule of Criminal Procedure 14 permits the court to order separate trials of counts joined together

in the indictment, if necessary to avoid prejudice to a defendant.

**1.      Joinder**

Joinder is proper if one of the following three conditions is satisfied: (1) the offenses charged are of the same or similar character; (2) the offenses charged are based on the same act or transaction; or (3) the offenses charged are connected with or constituting parts of a common scheme or plan.  Fed. R. Crim. P. 8(a).  The validity of joinder under Rule 8 is determined solely by the allegations in the indictment.  *U.S. v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007).

Here, the Court finds that the third condition is met.  The offenses charged in the indictment are connected with or constitute parts of a common scheme or plan.  The Ninth Circuit has "not specifically defined the requisite nexus for a common scheme or plan; because the words are self-defining, courts generally permit joinder under this test where the counts grow out of related transactions." *Id.* at 574 (Internal quotations and citations omitted).   The question is "whether [c]ommission of one of the offenses [ ]either depended upon [ ]or necessarily led to the commission of the other; proof of the one act [ ]either constituted [ ]or depended upon proof of the other." *Id.*  (Internal quotations and citation omitted).

In this case, Count One alleges that Defendant attempted to hire someone to murder his wife and mother-in-law.  Count Four alleges that within days of his arrest for the charges in Count One, Defendant attempted to intimidate his wife to engage in conduct to prevent evidence from being used against him on Count One.  Thus, proof of

**MEMORANDUM DECISION AND ORDER - 2**

the allegations in Count Four necessarily depends upon the allegations in Count One. Accordingly, joinder was proper in this case.

**2.     Severance**

Federal Rule of Criminal Procedure 14(a) states that the Court may order separate trials of counts "[i]f the joinder of offenses . . . in an indictment . . . or a consolidation for trial appears to prejudice a defendant. . . ." A party seeking severance must show that "joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976). Rule 14 sets a high standard for a showing of prejudice. *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994).

Here, the Court finds that Defendant will not be prejudiced by joining the witness tampering count with the other counts. Defendant argues that he would be prejudiced if the jury hearing the murder-for-hire counts hears testimony concerning witness tampering, and vice versa. However, there is a high likelihood that if the trials were severed, both juries would hear the same evidence. Evidence of the allegations on Counts One, Two and Three would be admissible in a separate trial for the witness tampering count to establish motive. Likewise, evidence of the allegations in the witness tampering count would be admissible in a separate trial on the other counts, to show consciousness of guilt. Since, the same evidence would be heard in both trials, severance is not appropriate.

# ORDER

**IT IS ORDERED:**

1.  Defendant's Motion to Sever Count Four and For Separate Trial on that Count (Dkt. 94) is **DENIED**.

DATED:  **February 25, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge