UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR J. STEELE,<br><br>Defendant. | Case No. 2:10-CR-148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## INTRODUCTION

The Court has before it Defendant's Appeal to District Court From Magistrate Judge Dale's Affirmation of Detention Order Dated February 18, 2011 (Dkt. 113.)

## BACKGROUND

Defendant is charged with several crimes, including use of interstate commerce facilities in the commission of murder for hire. (Dkt. 25.) According to the Superseding Indictment, Defendant's wife was one of the intended victims of the alleged murder for hire plot. (Dkt. 25.) During Defendant's arraignment, Magistrate Judge Dale entered a temporary order of detention and issued a no-contact order between Defendant and Mrs. Steele. (Dkt. 8.)

Magistrate Judge Dale then conducted a detention hearing and ordered Defendant detained. Magistrate Judge Dale concluded that Defendant posed a risk to the safety of

other persons or the community, and that a serious risk existed that Defendant would obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness.

On February 9, 2011, Defendant filed his Motion for a Secured Property Bond. Magistrate Judge conducted a hearing and denied the motion on February 16, 2011. Magistrate Judge Dale issued a written opinion explaining her decision two days later. Defendant filed his appeal on February 22, 2011.

## ANALYSIS

**1.      Standard of Review**

A person detained by order of a Magistrate Judge may file a motion for revocation or amendment of the order with the District Judge presiding over his case. 18 U.S.C. § 3145(b). The motion shall be determined promptly. *Id.* The procedures for review of the detention order under 18 U.S.C. § 3145(b) are governed by Federal Rule of Appellate Procedure 9. *U.S. v. Fernandez-Alfonso*, 816 F.2d 477, 478 (9th Cir. 1987). "Rule 9(a) requires that the district court state in writing the reasons for the action taken when it enters an order refusing or imposing conditions of release." *Id.* (Citing Fed. R. App. P. 9).

The District Judge must review the Magistrate Judge's decision *de novo*. *U.S. v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). But the "court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *Id.* Still, the District Judge "should review the evidence before the magistrate and make its

own independent determination whether the magistrate's findings are correct, with no deference." *Id*. The District Judge has discretion to conduct a hearing, but a hearing is not required. *See e.g.*, *U.S. v. Spears*, 2010 WL 2427439 (N.D.Ind. 2010); *U.S. v. Baghdasaryan*, 2010 WL 2545993 (D.Kan. 2010); *U.S. v. Baker*, 703 F.Supp. 34 (N.D.Tex.,1989). In the end, the District Judge must make its own *de novo* determination of the facts and of the propriety of detention. *Koenig*, 912 F.2d at 1193.

**2.    Magistrate Judge Dale's Decision**

The Government initially filed a motion for detention under 18 U.S.C. § 3142(f)(2)(B), alleging that Defendant posed a serious risk that he would obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. (Dkt. 4.) As explained above, Magistrate Judge Dale granted the motion. She based her decision, in large part, on recorded telephone calls presented during the detention hearing. Those calls were made by Defendant to his son and wife soon after he was arrested.

At the February 16, 2011 hearing, counsel for Defendant indicated that he intended to call Mrs. Steele to testify about the property bond she and her friends were willing to post for Defendant's release from custody, as well as her belief that Defendant would not present a risk of harm to either her or members of her family if released. Magistrate Judge Dale determined that despite Defendant's proffer and arguments, neither Mrs. Steele's beliefs regarding her husband's innocence nor her willingness to post a property bond were material to the Court's earlier decision that a serious risk existed that

Defendant would obstruct or attempt to obstruct justice, or that he would threaten, injure or intimidate or attempt to threaten, injure, or intimate a prospective witness.  Therefore, Magistrate Judge Dale concluded that the proffered testimony from Mrs. Steele did not constitute evidence unavailable at the time of the detention hearing material to the decision made by the Court at that time.  Accordingly, Magistrate Judge Dale found that, pursuant to 18 U.S.C. § 3142(f), Defendant had not met his burden to reopen the detention hearing or modify the Detention Order.

3.     **Defendant's Appeal**

In his appeal, Defendant argues that Magistrate Judge Dale erred by failing to consider Mrs. Steele's proffered testimony in favor of her husband's release.  He also contends that Magistrate Judge Dale erred by failing to consider Mrs. Steele's willingness to post a secured property bond.  He further explains that he should have been allowed to submit evidence about his ties to the community, that he has no history of drug or alcohol abuse, and that he has no criminal record.  He further describes the alleged co-defendant in this case as troubled and unreliable, and he suggests that the evidence against him is weak.

As explained above, the Court will consider the detention issue *de novo*.  The Bail Reform Act of 1984 sets forth the procedure for releasing or detaining an arrested person pending trial.  It requires the Court to determine whether any condition or combination of conditions will reasonably assure that the arrested person is not a flight risk or a risk to the safety of any other person or the community.  18 U.S.C. § 3142(f).  In this case, the

Court must consider the fact that Defendant is charged in the Superseding Indictment with Possession of a Destructive Device in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(B)(ii). The Superseding Indictment constitutes probable cause that Defendant committed a crime of violence under 18 U.S.C. § 924(c). Therefore, the rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" is triggered. 18 U.S.C. § 3142(e)(3)(B).

Here, Defendant cannot overcome that presumption even if the Court accepts all of his proffered testimony. Defendant's actions – specifically his calls to his son and wife after he was arrested – establish that there is a serious risk that Defendant would obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten, injure or intimidate, a prospective witness. 18 U.S.C. § 3142(f)(2)(B). After his arrest, Defendant made the following statement to Mrs. Steele regarding potential evidence in this case:

> After you hear this tape [purportedly between Defendant and Fairfax] tomorrow, no matter what you hear, no matter what you think, no matter what you feel, you have to say the following, "No, that is not my husband's voice." And then like a rhinoceros in the road, you have to stand your ground and refuse to say anything but that. Okay. You heard me, right?
> . . . .
> Please, please, please, my life is in your hands right now.
> . . . .
> You've gotta do this, otherwise, you're gonna wake up every morning for the rest of your life and I'm not gonna be next to ya. You're gonna be dealin' with our kids and explaining to

> them how your testimony put me in prison.
>
> . . . .
>
> And I understand that they intend to use you to put me in prison.
>
> . . . .
>
> Please do not be the one that puts me in prison.

Transcripts of June 13, 2010 Recorded Conversations, Government Response to Motion, Ex. A, at 3, 7, 10, and 12 through 14 (Dkt. 93-1.). He made similar statements to his son. Id.

Mrs. Steele's personal belief that Defendant did not commit the alleged crimes does not alleviate the concerns created by these statements. Likewise, Defendant's personal background and community ties, no matter how compelling, would be enough to overcome the rebuttable presumption in this case – a presumption that is materially bolstered by his statements to his wife and son immediately after his arrest. Additionally, Defendant's interpretation of the facts of this case, and his description of the co-defendant as unreliable, does not necessarily indicate that the evidence weighs in his favor. In fact, Defendant's appeal brief concedes that the alleged recordings between Defendant and the co-defendant are subject to different interpretations. Accordingly, the Court will deny the appeal.

## ORDER

**IT IS ORDERED:**

1. Defendant's Appeal to District Court From Magistrate Judge Dale's Affirmation of Detention Order Dated February 18, 2011 (Dkt. 113) is

**DENIED**.



DATED: **February 25, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge