UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>EDGAR J. STEELE,<br><br>                    Defendant. | Case No. 2:10-CR-148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it the Government's Motion to Strike and/or Exclude Evidence Relating to a Mental Disease or Defect or Other Mental Condition (Dkt. 102) and Defendant's Motion in Limine (Dkt. 110.)

## BACKGROUND

A jury trial in this matter was initially set for August 16, 2010. Defendant filed a motion to continue the trial and to extend the time for filing pretrial motions. (Dkts. 23 & 31.) The Court granted the motion and set trial for November 1, 2010, with all pretrial motions due October 4, 2010. (Dkt. 32.) On October 5, 2010, Defendant filed a second motion to continue. (Dkts. 53 & 59.) The Court granted that motion as well, and set trial for March 7, 2011, with all pretrial motions due February 4, 2011.

On February 7, 2011, Defendant filed a Motion for Substitution of Counsel (Dkt.

74.) At a hearing on the motion to substitute and other pending motions, Defendant's new attorney asked for another continuance of the trial date and to extend the deadline for providing notice of expert evidence of a mental condition pursuant to Rule 12.2. The Court denied the motion to continue the trial, but extended the deadline for pretrial motions and notice of expert evidence of a mental condition to February 9, 2011. The Court explained that because of this delay in filing the Rule 12.2 Notice, Defendant's Notice should include only a summary of the mental condition defense, but with as much detail as possible. The Court gave Defendant until February 16, 2011 to file any expert witness reports. In turn, the Court gave the Government until February 18, 2011 to designate additional experts if Defendant did, in fact, designate expert witnesses on February 16. The Court did not designate a specific deadline for the Government to provide its expert reports of those experts.

The Government now asks the Court to strike or exclude certain experts and evidence relating to a mental condition. Defendant asks the Court exclude testimony of two of the Government's expert witnesses.

## ANALYSIS

**1.     Government's Motion to Exclude**

Rule 12.2 states that if a defendant intends to introduce expert evidence of a mental condition, the defendant must notify the government in writing of this intention and file a copy of the notice with the Clerk of the Court. Fed. R. Crim. P. 12.2(b). Notice must be given within the time provided for filing pretrial motions. Id. The Court may

extend that deadline for good cause. Id. Rule 16(b)(1)(C) states that a defendant must then provide the government with a written summary of any expert testimony that the defendant intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence. Fed. R. Crim. P. 16(b)(1)(C)(ii).

As explained above, the Court granted two continuances in this case, and set the pretrial motion deadline for February 4, 2011. Defendant did not give notice pursuant to Rule 12.2 on or before that date. However, the Court extended the deadline once again to February 9, 2011, but required Defendant to give a summary of the mental condition defense with as much detail as possible. The Court extended the deadline for providing the Government with expert reports to February 16, 2011.

On February 9, Defendant filed his notice, which included a brief description of the intended mental condition defense and a list of potential witnesses. In its motion, the Government states that on February 16, the deadline for Defendant to provide the Government with its expert reports, Defendant provide the Government with only one report – that of Dr. Shelley Chambers Fox, PhD, CGP. Defendant has not responded to the motion or otherwise suggested that he provided the Government with any other reports from any other experts. The deadline for responding to the motion, February 25, 2011, has passed.

The Government asks the Court to exclude the expert opinion of three of the potential experts listed in Defendant's Rule 12.2 Notice – Dr. Robert C. Farr, Jr., Dr. Robert Burnett III, and Dr. Dennis Cooke – because Defendant failed to provide the

Government with expert reports as required by Rule 16. Defendant makes no argument to the contrary. Accordingly, the Court will grant the motion because Defendant failed to provide any written summary of their testimony describing their "opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C)(ii).

The Government also asks the Court to exclude testimony of Dr. Fox because Defendant failed to comply with the February 9 disclosure deadline. The Court disagrees. Defendant provided his notice pursuant Rule 12.2 on February 9 as required. The specific expert names and reports were not due until February 16. He provided Dr. Fox's name and report at that time.

The Government also contends that Dr. Fox should be prevented from testifying at trial because her disclosure was inadequate. Again, Defendant has failed to respond to the motion, and the deadline for filing a response has passed. Accordingly, the Court can only consider the Government's argument at this point. The Government notes that the only information provided to it by Defendant regarding Dr. Cox is a summary of her analysis of Defendant's medications between December 2009 and May 2010. It includes a calendar of what Defendant "would have taken each dat if he had taken the medications as prescribed." *Gov't Motion to Exclude*, Ex. 1, Dkt. 102.

A review of the report gives some indication of Dr. Cox's opinions and bases for those opinions, but it requires some reading between the lines. However, the report wholly fails to provide any information about Dr. Cox's qualifications, other than to

indicate that she has a PhD and CGP (presumably indicating that she has a PhD in pharmacology and is a Certified Geriatric Pharmacist).

At this point, the Court will not exclude Dr. Cox from testifying at trial altogether. The Court will give Defendant an opportunity to supplement her report by explaining her qualifications. This should not prejudice the Government, as it is generally aware of the area of her expertise. As for what she can testify about at trial (if she is qualified), that remains to be seen. Before Dr. Cox is allowed to testify, Defendant will need to explain where and how her report supports such testimony. The Court may need to conduct a hearing during the trial to make that determination.

**2.     Defendant's Motion in Limine**

Defendant asks the Court to exclude the testimony of Dr. Robert Engle and Dr. Elaine Lodge. Defendant suggests that the Government did not provide him with their expert reports. Defendant filed his motion on February 22, 2011.

As explained above, the deadlines for pretrial motions and Defendant's Rule 12.2 notice was extended after Defendant failed to meet the February 4 deadline. The Court extended the deadline to February 9, and gave Defendant until February 16 to file any expert witness reports. In turn, the Court gave the Government until February 18, 2011 to designate additional experts if Defendant did, in fact, designate any expert witnesses on February 16. The Court did not specifically designate a specific deadline for the Government to provide its expert reports of these experts.

As required by the Court, the Government filed its notice that it would designate

expert witnesses two days after receiving Defendant's expert witness reports. In that notice, the Government listed its two witnesses – Dr. Robert Engle and Dr. Elaine Lodge – and explained that it would provide expert reports to Defendant five days later.

The short deadlines for disclosing expert witnesses and reports in this case were primarily caused by the Defendant's failure to comply with the initial February 4 deadline. By providing Defendant with the names of its experts within two days of receiving Defendant's expert reports, and by providing its expert reports to Defendants only five days later, the Government did not violate the Rule 16. The Government provided Defendant with full reports within one week of learning about Defendant's experts and receiving their reports. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED:**

1. Government's Motion to Strike and/or Exclude Evidence Relating to a Mental Disease or Defect or Other Mental Condition (Dkt. 102) is **GRANTED** in part and **DENIED** in part. The motion is granted with respect to excluding the testimony of Dr. Robert C. Farr, Jr., M.D., Dr. Robert Burnett III, and Dr. Dennis Cooke. The motion is denied with respect to Dr. Cox at this point, but may be addressed again as explained above. Defendant must supplement Dr. Cox's report on or before **March 2, 2011** with her qualifications.

2. Defendant's Motion in Limine (Dkt. 110.) is **DENIED**.



DATED: **February 28, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge