UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR J. STEELE,<br><br>Defendant. | Case No. 2:10-CR-148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant's Third Motion to Continue Trial (Dkt. 128.) For the reasons explained below, the Court will deny the motion.

# BACKGROUND

Early in this case the Court appointed the Federal Defenders to represent Defendant. A jury trial was initially scheduled for August 16, 2010. On July 17, 2010, Defendant filed a motion to continue the trial and to extend the time for filing pretrial motions. Defendant asked for a sixty-day continuance. (Dkt. 23.) A few days later, the Government filed a Superseding Indictment, and Defendant supplemented his motion to continue by asking that trial be continued until November 2010. The Court granted the motion and set trial for November 1, 2010, with all pretrial motions due October 4, 2010. (Dkt. 32.) On October 5, 2010, Defendant filed a second motion to continue. (Dkts. 53

& 59.) Defendant suggested that the case was complex, and he asked for a six-month continuance. The Court granted a four-month continuance, and set trial for March 7, 2011, with all pretrial motions due February 4, 2011.

At a January 26 status conference, Defendant's attorney informed the Court and the Government that Defendant would be filing the motion for substitution of counsel. On February 7, 2011, Defendant filed that motion. At a hearing on the motion for substitution, Defendant's new attorney asked for another continuance of the trial date and to extend the deadline for providing notice of expert evidence of a mental condition pursuant to Rule 12.2. The Court denied the motion to continue the trial, but extended the deadline for pretrial motions and for providing notice of expert evidence of a mental condition to February 9, 2011. The Court gave Defendant until February 16, 2011 to file any expert witness reports. In turn, the Court gave the Government until February 18, 2011 to designate additional experts.

## ANALYSIS

The Ninth Circuit is guided by four factors when it reviews a district court's decision on a motion to continue: "(1) the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing . . . (2) how likely it is that the need for a continuance could have been met if the continuance had been granted . . .(3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses . . . (4) the extent to which the appellant might have suffered harm as a result of the district court's denial." *U.S. v. Rivera-Guerrero*, 426 F.3d 1130,

1138-39 (9th Cir. 2005).

**1.      Diligence**

Defendant contends that his new attorney, Robert McAllister, has not had time to adequately prepare for trial because he has only been counsel of record since February 7, 2011. However, this case has been pending for more than eight months, and Defendant chose to wait until one month before trial to have Mr. McAllister enter his appearance.

Why Defendant waited until one business day after the deadline for filing pretrial motions and notices is unclear to the Court. Defendant may be suggesting that he could not have retained counsel earlier because the Government seized his silver coins as evidence, and that he needed those coins to pay counsel. However, counsel has made it clear that half the coins were returned to Defendant's wife early in this case, and Defendant's wife has been willing to pay for the defense. More importantly, Defendant did not ask the Government to return the coins until late January or early February 2011, seven months into the case. Once the request was made, the Government promptly returned the coins after reaching a stipulation to admit photographs of the coins as evidence at trial.

Moreover, Defendant did not retain Mr. McAllister because of any breakdown in the relationship with his public defenders. Mr. McAllister stated during the February 7 hearing that the Federal Defenders had done excellent work in terms of preparing the case for trial. He further stated that he had to convince Defendant to seek an extension of the trial date.

The Court is also skeptical of Defendant's suggestion that the Federal Defenders did not provide Mr. McAllister with access to the discovery in the case until February 16, 2011, or that Mr. McAllister only recently learned about the degree of preparation done by the Federal Defenders regarding expert witnesses. At the February 7 hearing, Mr. McAllister specifically stated that he has "been involved in this case since . . . November. And [he has] been working on it closely with Mr. Peven and Ms. Moran [the Federal Defender attorneys] steadily." Moreover, at the February 7 hearing, the Court specifically ordered the Federal Defenders to remain available to Mr. McAllister on a consulting basis, and to make any experts and investigators available to him. There is no evidence before the Court that the Federal Defenders disobeyed that order or otherwise impeded Mr. McAllister's access to the information.

Defendant's argument that the Government waited until less than thirty days before trial to depose a witness in Ukraine is also less than accurate. Counsel for the Government indicated that it had a stipulation with the Federal Defenders which would have removed the need for the Ukrainian witness. When Mr. McAllister substituted in as counsel of record, he chose not to agree to that stipulation. That is his choice, but it does not change the fact that the stipulation was agreed to by previous counsel, and the Court has not heard from previous counsel that no such stipulation existed. Again, by his own admission, Mr. McAllister has been working closely and steadily with the Federal Defenders on this case since last November, which makes it hard to believe he only recently learned about the stipulation.

For these reasons, the Court finds that Defendant's lack of diligence is the main reason for any lack of preparation at this point. Accordingly, this factor weighs against a continuance.

## 2. Need For Continuance Would Not Be Met If Continuance Granted

Defendant requests a continuance so his attorney will have adequate time to prepare for trial. Specifically, he requests more time to retain and prepare expert witnesses and other potential witnesses. As explained above, Defendant wholly failed to meet the Court's initial deadline for filing pretrial motions and giving his Rule 12.2 notice. The Court already extended that deadline once. The Court gave Defendant five additional days to file pretrial motions and his Rule 12.2 notice, plus an extra week to disclose expert reports. Moreover, the Court explained this ruling to Defendant before it granted the motion to substitute counsel, and asked if Defendant still wanted to proceed with the substitution. The Court made it clear that the only real possibility for a continuance would be if Defendant's expert disclosures triggered a need for the Government to request an Independent Medical Exam. Even then, the Court explained, a continuance would not be automatic. Through Mr. McAllister, Defendant indicated that he still wanted to proceed with the substitution of counsel.

Additionally, the Court finds that Defendant's own choices caused any need for additional time to prepare for trial. A defendant and defense counsel cannot make tactical choices simply to delay trial. The public has a right to a speedy trial. 18 U.S.C. § 3161(h)(7(A). Granting a continuance in such situations would forever cause delays.

As Mr. McAllister stated himself, he has been working closely and steadily with the Federal Defenders in this case since November 2010. Thus, Mr. McAllister has the benefit of the work done by the Federal Defenders for the previous seven months. He also had three months from November to February 7 to work with the Federal Defenders in preparing for trial. He had even more time to prepare motions and expert reports once the Court extended the pretrial motions deadline beyond February 4. As the Court noted above, The Court does not know why Mr. McAllister's waited until one business day after the pretrial motions deadline to make a formal appearance in this case. But defense counsel's collaboration with the Federal Defenders is evidenced by his own statements and by the fact that he recently provided the Government with the expert report of Dr. Fox dated September 22, 2010.

Therefore, the Court cannot see how extending the deadlines and trial date again will make any difference in counsel's ability to adequately prepare for trial. Defendant has not provided the Court with any real detail or explanation as to what additional experts he wishes to retain and what the testimony of those experts would cover. There is no reason for the Court to believe that, if the continuance were granted, Defendant's situation would be materially different 45 days from now. Thus, granting the requested continuance would do nothing more than delay the trial. Accordingly, this factor also weighs against a continuance.

3.  **Inconvenience to Court and Government**

The inconvenience to the Court is substantial. The District of Idaho is extremely

busy and has only two District Judges to preside over criminal trials.  The District of Idaho is also unique because the judges are required to, in essence, "ride circuit" presiding over all criminal trials in three different courthouses separated by hundreds of miles across the State.  This adds to the Court's time commitments and makes re-scheduling hearings and trials difficult.

Months ago the Court set aside two weeks to try this case beginning March 7.  The Court informed the parties that moving the trial would wreak havoc on the Court's calendar.  If the trial is moved again, the Court will need to find another two-week period to try the case, and the Court will be left with a two-week hole in its calendar that it cannot fill at this late date.  This would be an inconvenience to the Court.[1]

The Government has also expressed that it will encounter certain inconveniences if the trial is continued.  Government counsel expressed a concern that the lead AUSA prosecuting this matter has plans to take another position with the Department of Justice.  Delay in the trial may affect those plans or require the Government to transition this case to another attorney.

**4.      Prejudice**

Denying the motion to continue will not harm or prejudice Defendant.  Defendant and Mr. McAllister have had ample time to prepare for trial in this matter.  As explained

---

[1] While recognizing the challenge which a continuance will create for its docket, the Court is not basing its decision on that factor.  If the continuance were otherwise justified, the Court would have found the time to reschedule the trial.

in detail above, any failure to adequately prepare for trial was caused by Defendant's own decisions and trial strategies. The Court cannot allow a party to create the circumstances needed to require a continuance. The problem facing Defendant is that the requested continuance has not been justified. As noted above, defense counsel (1) has been at work on this case for months, (2) has worked closely with the Federal Defender's office during that time frame, (3) entered a late appearance in the case for no particular reason, and (4) has not provided the Court with any real detail or explanation as to what additional experts he wishes to retain and what the testimony of those experts would cover. Accordingly, the Court will deny the motion to continue.

5. **Exculpatory Evidence**

In his motion to continue, Defendant stated that the Government has not provided him with a critical tape containing potentially exculpatory evidence. Presumably, Defendant is referring to tape recording that allegedly captures Defendant and the co-defendant discussing the murder-for-hire plot. Defendant has not provided the Court with any details about the tape or why he believes it contains exculpatory evidence. However, the Government failed to respond to Defendant's suggestion that it has not provided Defendant with any such tape. Therefore, the Court will require the Government to file a statement with the Court acknowledging or denying that it has not provided Defendant with a tape containing exculpatory evidence so the Court can better address the issue. The Court may require a telephonic hearing on the matter after it receives the Government's submission if the Court believes the issue is requires reconsideration of the

MEMORANDUM DECISION AND ORDER - 8

motion to continue.

## ORDER

**IT IS ORDERED:**

1. Defendant's Third Motion to Continue Trial (Dkt. 128) is **DENIED**.

2. The Government shall file a statement acknowledging or denying that it has not provided Defendant with a tape containing exculpatory evidence on or before **Wednesday, March 2, 2011 at 5:00 p.m.**

DATED:  **March 1, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge