UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>EDGAR J. STEELE,<br><br>      Defendant. | Case No. 2:10-CR-148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendant's Motion for Reconsideration of the Court's Orders of March 1 and March 2, 2011 (Dkt. 148.)

**ANALYSIS**

**1.  Testimony of Drs. Farr, Burnett and Cooke**

Defendant asks the Court to reconsider it decision to exclude expert testimony from Drs. Farr, Burnett and Cooke. On February 9, 2011 Defendant gave notice that he intended to introduce at trial expert evidence relating to a mental disease or defect or other mental condition of the defendant pursuant to Rule 12.2. Defendant also stated that one or more expert witnesses will present evidence that the daily combination of certain drugs resulted in delirium. He listed a number of witnesses he may call at trial. Drs. Farr, Burnett and Cooke were on that list. Defendant did not provide expert reports for any of

the three doctors.[1]

On February 18, 2011, the Government filed a motion to exclude the expert testimony of Drs. Farr, Burnett and Cooke. (Dkt. 102.) On February 22, 2011, Defendant filed a motion to exclude the expert testimony of Drs. Ladd and Engle. (Dkt. 110.) The Court held a status conference on February 23, 2011 and set a deadline of February 25, 2011 for the parties to respond to the motions to exclude. (Dkt. 114.) The Government filed its response on February 25. (Dkt. 124.) Defendant filed a Motion to Continue the Trial on February 25, but he did not file a response to the motion to exclude. (Dkt. 128.)

In its motion to exclude, the Government indicated that it assumed the three doctors would be expert witnesses. Therefore, the Government moved to exclude them from testifying at trial because Defendant did not provide expert reports. As explained above, Defendant did not file a response brief. Defendant now states that he responded to the motion to exclude by filing his motion to continue. In that motion, Defendant stated that his previous attorneys never interviewed his "treating doctors, who performed major life saving surgery on him months before his arrest. . . ." (Dkt. 128.) He did not mention the "treating doctors" by name or indicate to the Court that Drs. Farr, Burnett and Cooke were treating physicians. Toward the end of the motion, Defendant listed witnesses who "have been located by defense counsel since being provided access to the federal

---

[1] The Court was therefore left to speculate as whether, and to what extent, those experts – or any other experts, for that matter – would support counsel's assertion that the Defendant, at the time of the incidents in question, was taking a daily combination of certain drugs which resulted in delirium.

defender's files and being allowed to substitute as counsel." (Dkt. 128.) Dr. Cooke was on that list, but Defendant gave no other information about him. Drs. Farr and Burnett are not mentioned by name in the motion to continue. Accordingly, the Court granted the Government's motion to exclude the three doctors from testifying as experts at trial.

Defendant contends that the Court made an error. The Court did not. Drs. Farr, Burnett and Cooke cannot testify as expert witnesses. However, they may testify as fact witnesses. Treating physicians may obviously testify concerning the diagnosis made, the course of treatment provided, the prognosis anticipated, and the consequences of treatment likely to be encountered. However, they do so, not as expert witnesses, but as fact witnesses who are describing the nature and course of treatment actually provided to the Defendant. Thus, the Defendant's treating physicians may testify as fact witnesses, including opinions actually formed during the course of treatment, so long as the testimony otherwise complies with the Federal Rules of Evidence.

**2.  Continuance**

Defendant also asks the Court to reconsider its decision to deny the motion to continue. Defendant makes several arguments, which the Court will address below.

First, Defendant suggests that the Court "eliminated the defense of diminished mental capacity from the March 7, 2011 trial." (Dkt. 148.) Defendant states that the Court "prohibits testimony from the medical doctors who performed surgery and prescribed drugs for the Defendant and then does not allow an examination to determine his medical and mental condition at the present time or at the time of his arrest." (Dkt.

148.) These statements are not accurate.

As explained above, the Court will prohibit the treating physicians from testifying as experts because they failed to provide expert reports as required by Federal Rule of Criminal Procedure 16. However, they may testify as fact witnesses. As for the assertion that the Court did not allow an examination of Defendant, the Court only enforced the rule that such an examination be done within the deadlines set by the rules and the Court. Defendant chose not to comply with those rules and deadlines.

Defendant next argues that the "court's stated reason for denying a continuance appears to be based solely upon the convenience of the Court's schedule." (Dkt. 148.) This statement is also inaccurate. In its Order denying the motion to continue, the Court addressed all four factors which guide the Ninth Circuit when it reviews a district court's decision on a motion to continue: "(1) the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing . . . (2) how likely it is that the need for a continuance could have been met if the continuance had been granted . . .(3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses . . . (4) the extent to which the appellant might have suffered harm as a result of the district court's denial." *U.S. v. Rivera-Guerrero*, 426 F.3d 1130, 1138-39 (9th Cir. 2005). The inconvenience to the Court is one of those factors so the Court addressed it. However, the Court specifically stated that "[w]hile recognizing the challenge which a continuance will create for its docket, the Court is not basing its decision on that factor. If the continuance were otherwise justified, the Court would have found the time to

reschedule the trial." (Dkt. 135.)

After addressing the other three factors in detail, the Court summed up its reasons for denying the motion to continue by stating that defense counsel (1) has been at work on this case for months, (2) has worked closely with the Federal Defender's office during that time frame, (3) entered a late appearance in the case for no particular reason, and (4) has not provided the Court with any real detail or explanation as to what additional experts he wishes to retain and what the testimony of those experts would cover. Thus, Defendant's suggestion that the Court denied the motion to continue based solely upon the convenience of the Court is wrong.

Defendant also takes issue with the Court's skepticism about Defendant's statement that the Federal Defenders did not provide Mr. McAllister with access to the discovery in the case until February 16, 2011 or that Mr. McAllister only recently learned about the degree of preparation done by the Federal Defenders. All other evidence before the Court, including Mr. McAllister's own statement that he has "been involved in this case since . . . November . . . [a]nd [he has] been working on it closely with Mr. Peven and Ms. Moran [the Federal Defender attorneys] steadily. . ." suggests otherwise.

Likewise, Defendant's suggestion that Mr. McAllister cannot adequately prepare experts for trial because the Federal Defenders failed to have a medical expert perform an IME on Defendant, or because the Federal Defenders did not retain the proper experts and comply with Rule 12.2, is also at odds with the other evidence before the Court. As explained in the Court's earlier decision, counsel made it clear that Defendant did not

retain Mr. McAllister because of any breakdown in the relationship between Defendant and the Federal Defenders. Thus, all indications are that Defendant, the Federal Defenders, and Mr. McAllister worked together "closely" and "steadily" since November 2010.

Moreover, Defendant chose to wait until one business day after the deadline for filing pretrial motions to file the motion to substitute counsel. He has given no indication why he waited, except possibly a suggestion that he needed the silver coins confiscated by the Government before he could retain Mr. McAllister. However, as the Court explained in its earlier decision, the delay had nothing to do with the silver coins retained by the Government. Counsel has made it clear that half the coins were returned to Defendant's wife early in this case, and Defendant's wife has been willing to pay for the defense. More importantly, Defendant did not ask the Government to return the coins until late January or early February 2011, seven months into the case. Once the request was made, the Government promptly returned the coins after reaching a stipulation to admit photographs of the coins as evidence at trial. Thus, any delay in retrieving the coins was caused by Defendant.

Finally, as the Court explained in its earlier Order denying the motion to continue, the Court cannot see how extending the deadlines and trial date again will make any difference in counsel's ability to adequately prepare for trial. There is no reason for the Court to believe that, if the continuance were granted, Defendant's situation would be materially different 45 days from now. Even when the Court gives Defendant extra time

to provide important expert information, he fails to comply with deadlines. This has happened yet again. In the Court's decision on the Government's motion to exclude, the Court chose not to exclude Dr. Fox as an expert witness even though Defendant wholly failed to provide any information about her qualifications. The Court gave Defendant until March 2, 2011 to provide that information. Defendant failed to do so.

For the above reasons, the Court will not reconsider its earlier decision. Trial will commence as scheduled on March 7, 2011.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Reconsideration of the Court's Orders of March 1 and March 2, 2011 (Dkt. 148.) is **DENIED**.

DATED: **March 4, 2011**

B. LYNN WINMILL
Chief U.S. District Court Judge