UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>EDGAR J. STEELE,<br><br>               Defendant. | Case No. 2:10-CR-148-BLW<br><br>**ORDER** |

On March 7, 2011, the day trial was set to commence, Defendant orally renewed his motion to continue the trial. He also renewed the motion in his March 6 response to the Government's motion to exclude Dr. Papcun, where he asked the Court to either deny the motion to exclude or continue the trial to April 25 so the parties can fully present evidence in the case. (Dkt. 152.) After hearing argument of counsel, the Court explained that it could not issue a ruling on the motion to exclude Dr. Papcun before it empaneled the jury. The Government then joined in Defendant's motion. Under these circumstances, and as more fully explained on the record during oral argument, the Court will grant the motion to continue.

The Court finds that a continuance is needed to give defense counsel and the

Government an opportunity to effectively prepare for trial. Thus, a continuance is warranted under 18 U.S.C. § 3161(h)(7)(B)(iv), which authorizes a finding of excludable time when the refusal to grant a continuance would "deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation . . . ." Under these circumstances, the interests of justice in allowing the parties time for effective preparation outweighs the defendant's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A).

The statements of counsel establish that the trial should be reset on April 26, 2011. The Court finds that the period of time between the present trial date and the new trial date is excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) & (B). Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Continue Trial (Dkt. 152) shall be, and the same is hereby GRANTED, and that the present trial date be VACATED, and that a new trial be set for **April 26, 2011 at 9:30 a.m.** in the U.S. Courthouse in **Boise, Idaho**.

IT IS FURTHER ORDERED that the period of time between the prior trial date and the new trial date be deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) & (B).

IT IS FURTHER ORDERED that the following deadlines shall apply to this case going forward:

1. Trial shall proceed from 9:30 a.m. to 5:00 p.m. on the first day. Beginning

on day two, trial shall begin at 8:30 a.m. and end at 2:30 p.m., with two fifteen minute breaks.

2. Both parties shall file amended witness lists, exhibit lists, proposed voir dire, proposed jury instructions, and trial briefs on or before **April 18, 2011**.

3. The parties shall file all motions in limine on or before **April 18, 2011**. The Court does not intend to hear oral argument or otherwise address motions on the first day of trial so all motions must be filed by this date to ensure they are decided prior to the first day of trial. The Court may hear oral argument on the motions at the Rule 702 hearing if necessary.

4. The Government shall provide Defendant with the recoding at issue, in native format, by no later than **March 9, 2011**.

5. Defendant shall provide the Government with Dr. Papcun's expert report, as well as the reports of any other experts, including mental health experts, by no later than **March 16, 2011**.

6. The Government shall notify the Court and Defendant whether it intends to require an IME of Defendant by no later than **March 23, 2011**. If an IME is requested, it shall be done by no later than **April 13, 2011**.

7. The Government shall provide Defendant with its expert reports by no later than **April 13, 2011**.

8. The Court will conduct a hearing on any Rule 702 motions on **April 20,**

**2011 at 1:30 p.m.** in the Federal Courthouse in Boise, Idaho.[1]

Most of the deadlines above were suggested by and agreed to by the parties. The Court will entertain any stipulations to alter these deadlines by a day or two if the Court's calendar also allows for it. The parties shall contact Mr. Severson well in advance of the deadlines if they have any such stipulations. Additionally, the parties did not discuss a briefing schedule for Rule 702 motions. If the parties intend to file briefs, they shall work together to determine a briefing schedule so that the motions are briefed before the hearing date.

DATED: **March 8, 2011**

B. LYNN WINMILL
Chief U.S. District Court Judge

---

[1] Upon reflection, the Court has determined that counsel must appear in person at the Rule 702 motions hearing. The Court is mindful of counsel's travel requirements, but the Court feels that counsel's presence at the hearing is necessary. The parties may request that their witnesses appear by video conference, but the Court cannot promise that its technology will support it. Therefore, any party requesting that their expert appear by video conference shall notify the Court in advance so the Court's IT staff can attempt to make the proper arrangements.