WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO BAR NO. 4416
MARC HAWS, IDAHO BAR NO. 2483
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
WASHINGTON GROUP, PLAZA IV
800 PARK BLVD., SUITE 600
BOISE, IDAHO  83712
TELEPHONE:  (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EDGAR J. STEELE,<br><br>    Defendant. | Cr. No. 10-148-N-BLW<br><br>GOVERNMENT'S MEMORANDUM IN SUPPPORT OF DAUBERT HEARING. |

The United States of America, by and through Wendy J. Olson, United States Attorney, and the undersigned Assistant United States Attorneys, Traci J. Whelan and D. Marc Haws for the District of Idaho, file this Memorandum in Support of the April 20, 2011, Daubert hearing.

**Procedural Background**

Defendant Edgar J. Steele was charged by the United States ("Government") in a Superseding Indictment with four felony counts: Count One, Use of Interstate Commerce Facilities in the Commission of Murder for Hire, 18 U.S.C. § 1958; Count Two, Use of Explosive Materials to Commit Federal Felony, 18 U.S.C. § 844(h); Count Three, Possession of a Destructive Device in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(B)(ii); and Count Four, Tampering with a Victim, 18 U.S.C. § 1512(b)(3).   Trial was initially set for August 9,

2010.  Defendant filed two Motions to Continue, both of which were granted by this Court. The Court allowed a substitution of counsel on February 7, 2011.  During the hearing on the substitution of counsel a Motion to Continue was made.  The Court denied that motion and trial was scheduled for March 7, 2011.  On March 3, 2011, the Defendant filed a Motion in Limine to Exclude the Audio Recordings and attached a report from George Papcun, Ph.D. (Dkt. 147). The United States filed its Opposition to the Motion in Limine and a Motion to Exclude George Papcun's testimony. (Dkt. 151).  Prior to jury selection beginning on March 7, 2011, the Defendant orally renewed his Motion to Continue the trial. The Court denied the defendant's Motion to Exclude the Audio Recordings. (Dkt. 154)  The defendant sought a ruling on the United States' Motion to Exclude Dr. Papcun.  The Court determined it could not rule on the motion prior to the jury being empaneled.  The United States consequently joined in the defendant's Motion to Continue and the trial was set for  April 26, 2011.  (Dkt 155).  A Fed. R. Evid. 702 hearing was set for April 20, 2011.  (Dkt. 155)

On March 17, 2011, the defendant filed an expert notice for Dennis Walsh.  (Dkt. 161). Mr. Walsh's report was the same as George Papcun's report.   On March 25, 2011, the United States filed a Motion to Strike Mr. Walsh's testimony or in the alternative to compel a more full report.  (Dkt. 169).  A telephonic hearing was held on April 4, 2011, and the United States determined defense counsel had no additional information to provide.  The issue would be decided at the 702 hearing.  The Court determined the motion moot based upon the hearing (Dkt. 177).

## Defendant Bears the Burden

"The proponent of the evidence has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence."  Adv. Comm. Notes on Fed. R. Evid. 702 (2000 amendments); see *Daubert*, 509 U.S. at 592 n.10.  Therefore, the pertinent issue is whether the defendant can show his experts' findings and conclusions are reliable.   The district court's gatekeeping obligation requires more than simply taking the expert's word for it. See *General Electric, Co. v. Joiner*, 522 U.S. 136, 146 (1997) (a district court is not required to admit evidence that is "connected to existing data only by the *ipse dixit* of

GOVERNMENT'S MEMORANDUM IN SUPPORT OF DAUBERT HEARING - 2

the expert" and the court "may conclude that there is simply too great an analytical gap between the data and the opinion proffered"); *Daubert*, 43 F.3d at 1316 ("the expert's bald assurance of validity is not enough" under *Daubert*).  The district court's gatekeeping obligation "requires some objective, independent validation of the expert's methodology" and thus the "expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); see *Daubert*, 43 F.3d at 1316 ("the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology").

### The Federal Rules of Evidence and Daubert

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  As the Advisory Committee Notes to Rule 702 state, the rule was amended in response to the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

Under *Daubert* and *Kumho Tire*, a district court must therefore determine: 1) whether the expert would testify to valid scientific, technical, or other specialized knowledge; and 2) whether the testimony will assist the trier of fact.  When faced with a proffer of expert testimony under Rule 702, the district court under Rule 104(a)[1] must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that

---

[1] Rule 104(a) requires the district court to make preliminary determinations concerning the qualifications of a witness and the admissibility of evidence.  Fed. R. Evid. 104(a).

GOVERNMENT'S MEMORANDUM IN SUPPORT OF DAUBERT HEARING - 3

reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-593.  The district court's "gatekeeping obligation" applies not only to testimony based on "scientific" knowledge, but also to testimony based on "technical" and "other specialized knowledge."  *Kumho Tire*, 526 U.S. at 141.

In *Daubert*, the Supreme Court held that Rule 702 imposes a special obligation upon the district court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  *Daubert*, 509 U.S. at 589 (emphasis added).  For testimony to be reliable, it "must be supported by appropriate validation – i.e., 'good grounds,' based upon what is known."  *Id*. at 590.

*Daubert* set forth several factors for the court to consider in determining reliability: (1) whether the expert's technique or theory can be or has been tested, i.e., whether the expert's theory can be challenged in some objective sense or whether it is simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the technique or theory has been subjected to peer review and publication; (3) for particular scientific techniques such as voice identification, the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community.  See *Daubert*, 509 U.S. at 593-594.  The trial court may consider one or more of these factors, which "neither necessarily nor exclusively applies to all experts or in every case."  *Kumho Tire*, 526 U.S. at 141.

In *Daubert*, the Ninth Circuit, on remand from the Supreme Court, found that although the expert "relied on animal studies, chemical structure analyses and epidemiological data," the scientific material "neither explain[ed] the methodology the experts followed to reach their conclusions nor point[ed] to any external source to validate that methodology."  *Daubert*, 43 F.3d at 1319.  The testimony was properly excluded because the court was "presented with only the experts' qualifications, their conclusions, and their assurances of reliability," and "[u]nder Daubert, that's not enough."  *Id*.  Similarly, in *Kumho Tire*, the trial court excluded the testimony of an engineer, despite his qualifications, after doubting and finding unreliable "the methodology employed by the expert in analyzing the data obtained . . . and the scientific basis, if any, for such

GOVERNMENT'S MEMORANDUM IN SUPPORT OF DAUBERT HEARING - 4

an analysis." *Kumho Tire*, 526 U.S. at 153. The district court's "gatekeeping inquiry must be 'tied to the facts' of a particular case." *Kumho Tire*, 526 U.S. at 150 (citing *Daubert*, 509 U.S. at 591). The "overarching subject" of the inquiry is "the scientific validity – and thus the evidentiary relevance and reliability – of the principles that underlie a proposed submission." *Daubert*, 509 U.S. at 594-595. "The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. As the *Daubert* court summarized: "[T]he Rules of Evidence – especially Rule 702 – do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands." *Id*. at 597.

### Reports Fail To Meet The Requirements Of Fed. R. Evid. 702 or *Daubert*

The United States submits that neither Geroge Papcun, Ph.D, nor Dennis Walsh have submitted reports which establish their testimony would be based upon (1) sufficient facts or data, (2) reliable principles and methods, and (3) that they applied the principles and methods reliable to the facts of the case. Additionally, it has not been shown that the information is relevant or that it is admissible pursuant to Fed. R. Evid 403.

The United States has previously outlined deficiencies in the work of both experts in its Motions to Strike. There are continued concerns that the recordings were not reviewed in their native format. Neither expert reviewed whether the security features were working properly. Interestingly, the opinion provided in George Papcun's report seems to have been "cut and pasted" into Dennis Walsh's report verbatim. George Papcun identifies different transients but appears to make no attempt to identify what caused the transient. During the 702 hearing, the United States intends to question the educational background of Mr. Walsh and representations made on his resume.

The summary reports of both individuals has made it difficult for the United States to determine what those conclusions are based upon. Unlike the expert opinion in *Millenkamp v. Davisco Foods Intern., Inc*. 562 F.3d 971 (9th Cir. 2009), this court has no record to show that

GOVERNMENT'S MEMORANDUM IN SUPPORT OF DAUBERT HEARING - 5

either individual used applied reliable principles and methods to sufficient facts or data in this case.  The testing these individuals engaged in is not a "science" like DNA testing or blood analysis.  The reports of Papcun and Walsh are more akin to the opinions which were proffered in *Claar v. Burlington Northern R. Co.,*  29 F.3d 499, (9th Cir., 1994).  The opinions stated by Dennis Walsh are that the recordings, "do not represent a true and valid representation of reality and they are unreliable.  They do not accurately reflect the sounds and conversations that actually occurred."  (Walsh report March 16, 2010, page2).  There are two very concerning problems with this opinion.  One of the problems is that it does not appear to be independently arrived at, rather it is the exact same language used by Geroge Papcun, Ph.D. in his February 29, 2011, report to Robert McAllister.  A second problem is that it is a conclusion stated without supporting foundation.  What basis does he have to provide that opinion?   Both Papcun and Walsh opine that the discontinuities, transients or electronic signatures could be caused by dubbing between recordings and/or editing or recording.  They appear to fail to consider any other alternatives, such as an individual leaving the conversation.  When the district court in *Claar*, denied the expert testimony it was in part because, "neither Dr. Hines nor Dr. Nelson made any effort to rule out other possible causes for the injuries plaintiffs complain of, even though they admitted that this step would be standard procedure before arriving at a diagnosis." Id at 502.

      The testimony of George Papcun and Dennis Walsh should be excluded.  Their opinions are unsubstantiated and subjective and will not help the trier of fact.  *Diviero v. Uniroyal Goodrich Tire Co.,*  114 F.3d 851 (9th Cir. 1997) ( affirming district courts finding expert testimony was unsubstantiated and subjective, and therefore unreliable and inadmissible).

      Even if the testimony were admissible under Rule 702, it was properly excluded under Rule 403, because the unfair prejudice of the proposed expert's testimony would have substantially outweighed its probative value.  The experts unsupported opinion that the voices on the recordings are dubbed or do not belong to Steele is designed to confuse the jury.   The probative value of the proposed testimony is also reduced by the fact that lay persons can discern the differences in the voices on the tapes.  *Tyson v. Keane*, 159 F.3d 732, 738 (2d Cir. 1998) ("A

GOVERNMENT'S MEMORANDUM IN SUPPORT OF DAUBERT HEARING - 6

jury cannot discern whether a fingerprint from the scene matches defendant's prints without expert assistance. Voice identification, however, does not depend on specialized expertise. Juries may listen to a recording of a voice and determine who is speaking even though the voice has been authenticated only by a lay witness rather than an expert" (citations omitted)).

This jury can listen to the recording, listen to the background noise, and make a determination as to whether the recording is authentic. This is an area where the jury can use its common sense. The defendant's attempt to speculate that the recordings could somehow have been made by dubbing and editing are not based in reality. The defense experts have failed to consider the security features, failed to consider the consistent background noises, failed to produce the basis for their opinion, and have failed to cite to accepted scientific principles. The United States respectfully requests that this court keep the gate closed on the unsubstantiated and subjective opinions of George Papcun and Dennis Walsh.

## Conclusion

At the conclusion of the hearing the United States will ask the Court to grant its two Motions to Strike Expert Testimony.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

/s/
MARC HAWS
TRACI J. WHELAN
Assistant United States Attorneys

GOVERNMENT'S MEMORANDUM IN SUPPORT OF DAUBERT HEARING - 7

**CERTIFICATE OF SERVICE**

       I CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing was electronically filed April 18, 2011, with the Clerk of Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

    Gary Amendola
    Robert McAllister

       And, I hereby certify that on the _____ day of _____, the following listed non-registered CM/ECF participants were served by:

        ☐ United States Mail, postage prepaid
        ☐ Hand-delivery
        ☐ Facsimile transmission (fax)

                                              _____
                                              /s/ Stephanie Haines
                                              Legal Assistant